## Rose Belheumer v. Harry R. Thomas.

January Term, 1906.

Present: Rowell, C. J., Tyler, Munson, Watson, and Powers, JJ.

Opinion filed January 31, 1906.

*Bastardy—Settlement—Fraud—Defendant's Release Secured Through Fraud of Plaintiff's Attorney.*

Where through the fraudulent act of a third person, one of two innocent parties must suffer, he who has clothed such third person with the means of perpetrating the fraud, must bear the loss.

The attorney for the plaintiff in two bastardy proceedings had no authority to settle the suits, but he fraudulently induced the plaintiff to sign a sealed instrument releasing the cause of action in each case and discharging the defendant, and thereafter settled with the defendant; who in good faith gave him $50 in settlement of said suits and for said release, which sum said attorney retained, the plaintiff receiving no part of it. Subsequently, and after notice of said fraud, the defendant pleaded the release in bar. *Held,* that the plaintiff who, by trusting her said attorney, enabled him to perpetrate the fraud, must bear the loss, and that said plea in bar was good.

Complaint for Bastardy. Pleas, the general issue, and release under seal. Heard at the September Term, 1905, Chittenden County, *Haselton,* J., presiding, upon an agreed statement as to the sufficiency of said release. The court ruled that said release is not a bar to the action. To this ruling the defendant excepted. Cause passed to the Supreme Court before hearing on its merits. The opinion states the substance of the agreed statement.

*Brown & Hopkins,* and *V. A. Bullard* for defendant.

The defendant was not a party to the fraud, and the release cannot be avoided as against him. Am. & Eng. Enc.,

154; *Schultz* v. *McLean,* (Cal. 1890); 25 Pac. Rep. 427; *Ratteree* v. *Conley,* 74 Ga. 153; *Campbell* v. *Murray,* 62 Ga. 86; *Booth* v. *Storrs,* 75 Ill. 438; *Marston* v. *Brittenham,* 76 Ill. 611; *Harding* v. *Com. Loan Co.,* 84 Ill. 251; *Compton* v. *Bunker Hill Bank,* 96 Ill. 301; *Whitesides* v. *Taylor,* 105 Ill. 496; *Jones* v. *Smith,* 94 Ind. 516; *Belau* v. *Bryan,* 89 Iowa 348; *Roach* v. *Karr,* 18 Kan. 529; *Somes* v. *Brewer,* 2 Pick. 184; *Root* v. *Bancroft,* 8 Gray 619; *White* v. *Graves,* 107 Mass. 325; *Hiller* v. *Ellis,* 72 Miss. 701; *State* v. *Hewitt,* 72 Mo. 603; *Allen* v. *Aldrich,* 29 N. H. 63; *Kinney* v. *Emery,* 38 N. J. Eq. 101; *Kingsland* v. *Pryor,* 33 Ohio St. 19; *Dorman* v. *Weakly,* 39 S. W. Rep. 890; *Pool* v. *Chase,* 46 Tex. 207; *Gordon* v. *Jeffrey,* 2 Leigh 410.

*John J. Enright,* and *Edmund C. Mower* for the plaintiff.

Plaintiff's attorney had no authority to settle, therefore whatever he did by way of settlement is not binding on plaintiff. *Penniman* v. *Patchin,* 5 Vt. 346; *Carter* v. *Talcott et al.,* 10 Vt. 471; *Vail* v. *Conant, Admr.,* 15 Vt. 314; A. & E., 2nd Ed. Vol. 3, p. 358; *Isaacs* v. *Zugsmith,* 103 Pa. St. 77.

TYLER, J. This is a complaint for bastardy. The defendant pleaded the general issue and the plaintiff's release of the cause of action. The case was heard below upon an agreed statement of facts, which is in substance, that the plaintiff, on March 16, 1904, brought a complaint before a justice of the peace, through one Grossman, who acted as her attorney; that on the same day she brought another suit of the same kind, upon a similar but distinct cause of action, against the defendant, which suit is pending in county court; that this suit was entered July 8, 1904.

The release, signed, sealed, and sworn to by the plaintiff and witnessed, reads:

"Received of H. R. Thomas satisfaction in full of all claims and demands of every kind and nature that I have or can have against him to this date, meaning hereby especially to discharge the two proceedings brought against him by me before F. G. Webster, Justice of the Peace, on the 16th day of March, 1904, and to discharge all claims that I have or can have against said Thomas in respect of the matters complained of in said proceedings."

It was agreed that the plaintiff never gave her attorney authority to settle either of said cases, unless this release was authority, and that he obtained her signature by false representations and fraud; that he pretended to read the contents of the paper to her before she signed it, and represented that it was drawn for the purpose of bringing another suit against the defendant.

It was agreed that the plaintiff, who was nineteen years of age, had no knowledge of legal matters, and that she relied entirely upon the representations of Grossman in executing the paper.

The defendant, on March 26, 1904, paid Grossman fifty dollars for the paper, which sum the latter retained, the plaintiff receiving no part of it; and she did not learn until April 22, 1904, that a release had been given to the defendant and that he had paid money to Grossman for it. Immediately upon learning these facts she notified the defendant's attorney, through another attorney whom she had employed, that the release had been obtained from her by fraud, that she had given Grossman no authority to settle the cases, and that she repudiated the pretended settlement.

The defendant and his attorneys had no knowledge that the plaintiff had been deceived by Grossman, and he paid the sum of fifty dollars in good faith in settlement of the two suits.

It is a manifest hardship to the plaintiff that she has been defrauded of her right of action, if she had one; and it would be a hardship to the defendant if he were compelled to make a defence to the suit, having paid fifty dollars for a release of the cause of action.   One of these parties must suffer loss in consequence of the fraudulent act of Grossman.   Which shall it be?   It appears that the defendant acted in good faith in paying for and taking the release.   The paper was shown to him with the plaintiff's signature attached, and it was witnessed and sworn to.   He accepted and paid for it and was innocent of any wrong in that transaction.   The plaintiff was innocent of any wrong doing in signing the release and allowing Grossman to depart with it.   It was not necessary that the case should show that she was negligent or careless in signing the paper and intrusting it to Grossman without knowing its contents. It was sufficient that by her act she made it possible for Grossman to accomplish what he did, to make herself amenable to the rule that, where through the fraudulent act of a third person, one of two innocent parties must suffer, he, who has clothed such third person with the means of perpetrating the fraud, must bear the loss.

The case is in principle like *Passumpsic Bank* v. *Goss and Page,* 31 Vt. 315; where Page signed a note with Goss, as his surety, payable to the Bank, under an agreement with Goss that the latter should not use the note unless he obtained another surety upon it; but in violation of the agreement Goss procured the note to be discounted.   It was held that this agreement constituted no defence, the bank officers having no knowledge of it.   In both cases the instruments were apparently perfected when they were presented, and there was nothing upon them to indicate that they were not ready for delivery.

The case is different from *Goodman* v. *Eastman,* 4 N. H. 455, where two men signed a note for $20, payable to a third person, and the signer, who was intrusted with it, raised it to $120. There the Court said that the alteration was in effect a forgery. In that case the alteration was made after the note passed from the hands of the defendant and when he could not have prevented it. See *National Bank* v. *Baltimore, etc. R. R.,* 105 Am. St. R. at page 331.

*Judgment reversed, and judgment for defendant.*

